**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER VanGUILDER,

                    Petitioner,

    v.                                  No. 07-CV-4
                                        (DNH/DRH)
LARRY SEARS,

                    Respondent.

---

**APPEARANCES:**          **OF COUNSEL:**

CHRISTOPHER VanGUILDER
Petitioner Pro Se
No. 04-A-5370
Franklin Correctional Facility
Post Office Box 10
Malone, New York 12953

HON. ANDREW M. CUOMO          ASHLYN H. DANNELLY, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Petitioner pro se Christopher VanGuilder ("VanGuilder") is an inmate in the custody

of the New York State Department of Correctional Services ("DOCS"). VanGuilder

entered a guilty plea to one count of criminal possession of a controlled substance in

Warren County Court and was sentenced on September 29, 2004 as a second felony

offender to a term of three to six years imprisonment which he is now serving. The plea

---

[1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

agreement required the trial court to recommend that VanGuilder serve a portion of his

sentence in a "shock incarceration program." The trial court did so, but VanGuilder was

denied admission to the program by DOCS. VanGuilder has petitioned this Court for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his guilty plea

violated his right to due process of law. For the reasons which follow, it is recommended

that the petition be denied.

## I. Background

On June 2, 2004, VanGuilder was arrested in possession of a quantity of crack

cocaine at his home in Queensbury, New York. VanGuilder admitted that he intended to

sell the cocaine. P. 11-12.[2]  On June 25, 2004, a grand jury in Warren County

returnedand indictment charging  VanGuilder with on one count of criminal possession of

marijuana, two counts of criminal sale of a controlled substance, and one count of criminal

nuisance. Docket No. 8, attachment 2 at 2. VanGuilder's trial began on September 1,

2004. Id. He then accepted a plea agreement to one count of criminal possession of a

controlled substance. P. 2-4. As part of that guilty plea, the trial judge recommended that

VanGuilder be admitted to a "shock incarceration program" ("Program").[3]  P. 6-10. P. 6.

VanGuilder was setntenced as indicated above. See Docket No. 8, attachment 2 at

1. VanGuilder appealed, but the Appellate Division affirmed on September 28, 2006.

---

[2] "P." connotes a citation to the transcript of VanGuilder's guilty plea. See Docket No. 9, attachment 2.

[3] In a "shock incarceration program," "[t]hey wake [participants] up at four o' clock in the morning and are going to have [participants] out to run 3 miles and do 100 sit-ups and 200 push-ups." The physical and educational program's objective is to promote "turning [one's] life around and to make it stick." S. 7.

People v. VanGuilder, 821 N.Y.S.2d 492 (3d Dep't 2006). VanGuilder then sought leave

to appeal to the New York Court of Appeals, but his application was denied on November

16, 2006. People v. VanGuilder, 7 N.Y.3d 904 (N.Y. 2006). This action followed.

## II. Discussion

All four grounds of VanGuilder's petition assert the same central contention  that his

guilty plea was not knowing, voluntary, and intelligent because he was not allowed to take

part in the Program.

The question whether a guilty plea "has been entered voluntarily within the meaning

of the Constitution is a complex one . . . [because w]hen such a plea is entered, the

defendant waives several federal constitutional rights, including the right to trial by jury, the

right to confront his accusers, and the privilege against self-incrimination." Matusiak v.

Kelly, 786 F.2d 536, 543 (2d Cir. 1986) (citing Boykin v. Alabama, 395 U.S. 238, 243

(1969)). Thus, the record must "affirmatively disclose that [petitioner] intelligently and

voluntarily pleaded guilty. . . ." Hanson v. Phillips, 442 F.3d 789, 791 (2d Cir. 2006)

(issuing a writ of habeas corpus after finding that petitioner entered a guilty plea without

knowledge of his constitutional alternatives). Absent such a showing, the petitioner is

entitled to a writ of habeas corpus. Id. at 802.

In evaluating a claim alleging that a plea was not knowing, voluntary, and intelligent,

a court must consider all relevant circumstances, such as explaining "the possibility of a

heavier sentence following a guilty verdict . . . and whether the court addressed the

defendant and explained his legal options." Davis v. Johnson, 49 F. Supp. 2d 160, 167

(W.D.N.Y. 1999)(citations omitted). Additionally, a court must also defer to the factual

determinations of the trial court and presume that the facts from the record are correct. <u>28</u> <u>U.S.C. 2254(e)(1)</u>. In this regard, the petitioner has the burden to rebut that factual presumption by a showing of "clear and convincing evidence." <u>Id.</u>

In this case, the circumstances presented to the trial court indicated that VanGuilder knowingly and voluntarily waived his rights with acceptance of the plea agreement. The plea agreement allowed VanGuilder to plead guilty to one count in satisfaction of four other pending charges. P. 5. Additionally, the trial court assessed VanGuilder's competence at the time of his guilty plea and, questioned him about his understanding of his right to counsel and trial, determined VanGuilder's understanding of the ramifications of pleading guilty to a felony, and inquired as to his desire to agree to and continue with the plea. P. 4-10. VanGuilder unequivocally affirmed he understanding of the rights he was forfeiting. <u>Id.</u> Thus, a review of the transcript of VanGuilder's guilty plea confirms that he was competent to enter his guilty plea, he was aware of the nature of the charge and of the consequences of his plea, his plea was knowingly and voluntarily entered, was supported by a basis in fact, and contained each of the essential elements of the offense to which pleaded guilty.

the central issue presented by VanGuilder's petition, then, is whether DOCS' denial of admission ofanGuilder to the Program breached his plea agreement. "Plea agreements, however, are 'unique contracts, and we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards.'" <u>United States v. Hamdi</u>, 432 F.3d 115, 122-23 (2d Cir. 2005) (quoting <u>United States v. Granik</u>, 386 F.3d 404, 413 (2d Cir.2004) (internal quotation marks and citation omitted)). As found by the trial court and affirmed on appeal, the plea agreement here required the trial court to <u>recommend</u>. that VanGuilder be

-4-

admitted to the Program. The plea agreement did not guarantee such admission. At his guilty plea and sentencing, VanGuilder demonstrated understanding and acceptance of these terms. The trial court unquestionably made the recommendation as promised. That recommendation fulfilled the plea agreement. The fact that DOCS rejected the recommendation did not breach the plea agreement as DOCS, the final arbiter of admission to the Program, was not a party to the plea agreement.

Thus, VanGuilder's allegations that his agreement was not knowing, voluntary, and intelligent does not meet the "clear and convincing" evidentiary burden necessary to dissuade this court from relying on the trial court's fact-finding. Because VanGuilder has failed to meet his burden to overcome this presumption, the Court must defer to the factual findings of the state court which held that the plea agreement was not expressly conditioned on VanGuiilder's acceptance into the Program. Accordingly, the petition should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  January 29, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge