UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

CHRISTOPHER VanGUILDER,

                Petitioner,

    vs.                                            9:07-CV-0004

LARRY SEARS,

                Respondent.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                      OF COUNSEL:

CHRISTOPHER VanGUILDER
04-A-5370
Petitioner pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ANDREW T. CUOMO                ASHLYN H. DANNELLY, ESQ.
Attorney General of the State of New York    Asst. Attorney General
Attorney for Respondent
Department of Law
120 Broadway
New York, NY 10271

DAVID N. HURD
United States District Judge

# O R D E R

      Petitioner Christopher VanGuilder filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. By a report-recommendation filed January 29, 2008, the Honorable David R. Homer, Unites States Magistrate Judge, recommended that the petition be denied. Dkt. No. 22. By Order filed April 17, 2008, the report-recommendation was accepted and adopted in whole and the petition was denied and dismissed. Dkt. No. 27.

Presently before the Court is a request for a certificate of appealability ("COA") filed by petitioner. Dkt. No. 29.[1]

At the outset, it is noted that petitioner has not filed a notice of appeal from the denial of his Section 2254 petition. The Second Circuit has clearly held, however, that an application for a COA filed *pro se* within the time period required to file a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure should be construed as a timely notice of appeal. *Muniz v. United States*, 236 F.3d 122, 125 (2d Cir. 2001); *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (*per curiam*). Therefore petitioner's request for a COA is construed as a notice of appeal to the Second Circuit from this Court's denial of his Section 2254 petition.

Turning to petitioner's request for a COA, section 2253 of Title 28 of the United States Code governs appeals to the courts of appeals in habeas corpus proceedings. This statute provides, in pertinent part, that:

> Unless a circuit justice or judge issues a certificate of appealability,
> an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the
> detention complained of arises out of process issued by a State
> court; or
> (B) the final order in a proceeding under section 2255.[2]

28 U.S.C. § 2253(c)(1). A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

---

[1] Petitioner submitted his request for a COA to the United States Court of Appeals for the Second Circuit, where it was received on May 8, 2008. The COA request was forwarded by the Second Circuit to this Court and the Clerk filed the request, nunc pro tunc, on May 8, 2008. Dkt. No. 29.

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." *See* Fed.R.App.P. 22(b).

After reviewing the relevant portions of the file, the Court finds that petitioner has failed to make the showing required for the issuance of a COA.  Therefore, the Court denies his request for a COA.

Therefore, it is

ORDERED that

1. The Clerk of the Court shall docket a copy of petitioner's request for a COA (Dkt. No. 29) as petitioner's notice of appeal.  Such notice of appeal shall be docketed, *nunc pro tunc*, on May 8, 2008; and

2. Petitioner's request for a COA (Dkt. No. 29) is DENIED; and

3. The Clerk of the Court is directed to serve a copy of this Order upon the parties.

IT IS SO ORDERED.

Dated: June  5, 2008
       Utica, New York

United States District Judge

3